IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JARED CORDELL STEWART,<br><br>Defendant. | CR 25-10-BLG-SPW<br><br>ORDER ON DEFENDANT'S<br>MOTION IN LIMINE |

The Government filed Notice, pursuant to Federal Rule of Evidence 414(b), apprising the Court and Defendant Jared Cordell Stewart of its intent to introduce prior act evidence that Stewart molested Jane Doe 2 as a child. (Doc. 24). In its Notice, the Government argued under Rule 414[1] and *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), that the prior act evidence should be admitted at trial. (Doc. 24-1 at 4–13). Stewart filed a Motion in Limine seeking an order excluding Jane Doe 2's testimony from introduction at trial, among other prior acts evidence. (Doc. 34). No response or reply brief was filed.

---

[1] The Government argues under Rule 413 and Rule 414, consequently exchanging one rule for the other throughout its briefing. (*Contrast* Doc. 24 at 1, Doc. 24-1 at 5, *with* Doc. 24-1 at 6, 13). Stewart's briefing likewise suffers from the same oversight. (*Contrast* Doc. 34 at 1, *with* Doc. 35 at 2). At one point, he opposes Jane Doe 2's testimony "pursuant to the Government's Fed. R. Evid. 413 Notice," and begins the next sentence with "Federal Rule[] of Evidence 414(a)." (Doc. 35 at 2). After reviewing the facts, the Court finds the proposed evidence falls under a Rule 414 analysis because the prior acts involve inappropriate behavior toward a child.

1

In general, a response brief is due 14 days after a motion is filed. L.R. CR 47.2(a). "Failure to file briefs within the prescribed time may subject any motion to summary ruling and may be deemed an admission that the non-filing party's position lacks merit." *Id.* 47.2(b). Though the Government opposes the Motion (Doc. 34 at 3), the Local Rules grant the Court authority to rule that the Government's position lacks merit because it failed to file a response brief. However, in this instance, the Government provided ample legal argument in its Rule 414 Notice (Docs. 24, 24-1), and Stewart's Motion undoubtedly responds to and rebuts the Government's arguments. Therefore, the Court will construe the Government's Notice as a response to Stewart's Motion.

## I.    Background

On January 16, 2025, a grand jury returned a two-count Indictment charging Stewart with Abusive Sexual Contact of a Child, in violation of 18 U.S.C. §§ 1153 and 2244(a)(5), and Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 1153(a) and 2243(a). (Doc. 2). Jane Doe 1 is Stewart's stepdaughter and the alleged victim of the charges in the Indictment.

According to the Government, Stewart physically and sexually abused Jane Doe 1 when she was 7 or 8 years old until she was approximately 15. (Doc. 24-1 at 3). Stewart regularly entered Jane Doe 1's bedroom at night and touched her. (*Id.*). One evening, Stewart entered her room while she was changing her clothes. She did

not have her clothes on when Stewart "held her in his lap for a long time and told [her] that this behavior 'is what love is.'" (*Id.*).

On a separate occasion, Stewart hugged Jane Doe 1 in front of her mother and sibling and unclipped her bra, causing it to come off. (*Id.*). And again, on another evening, "[Stewart] entered her room . . . took her pants off, and touched her breasts and inner and outer vagina many times." (*Id.*).

In addition to Stewart's sexual behavior, Stewart apparently provided Jane Doe 1 with marijuana, alcohol, and other substances when she was 12 years old. (*Id.* 3–4). She further reported that Stewart physically abused her, including one instance "where he became very angry and struck her with a metal pole." (*Id.* at 4).

In its Rule 414 Notice, the Government seeks to introduce evidence of Stewart's prior conduct with Jane Doe 2 who is Jane Doe 1's sister and Stewart's other stepdaughter.

According to the Government, Jane Doe 2 was 11 years old when Stewart "hugged her in his lap for an extended period of time." (*Id.* at 2). She struggled to get away and told Stewart to "get off" of her because the hug made her uncomfortable. (*Id.*). Around the same time, Stewart and Jane Doe 2 were surrounded by their family when he told her he could "see her boobs" in her shirt. (*Id.*). This also made her feel uncomfortable. She did not understand why Stewart would look at her breasts because she was a child. (*Id.*).

3

When she was 12 years old, Jane Doe 2 awoke from a nap because she felt Stewart touching her feet and legs. (*Id.*). She told him to stop. (*Id.*). Stewart grew angry, threw her on the floor and beat her. (*Id.*). Jane Doe 2 eventually moved out of the house for six months. (*Id.*). When she returned, she avoided Stewart, but felt like she was "walk[ing] on eggshells." (*Id.* at 2, 9). Jane Doe 2 believes "that because she denied Stewart's advances towards her[,] . . . Stewart targeted her younger sister, Jane Doe 1." (*Id.* at 2).

## II. Legal Standard

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.*

Rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [their] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, the Court may readdress any of the parties' motions in limine as necessary at trial.

## III. Analysis

While the bulk of Stewart's argument is targeted at excluding Jane Doe 2's testimony, Stewart makes two additional exclusionary requests. First, Stewart seeks to exclude evidence related to his marijuana use. (Doc. 34 at 2). Second, Stewart

seeks to exclude evidence that he corporally punished both Jane Does. (*Id.* at 3). Because the Government failed to respond, the Court finds that the Government's opposition to Stewart's request lacks merit. *See* L.R. CR 47.2(b). Therefore, the Court grants Stewart's Motion as to those two requests.

As to Jane Doe 2's testimony, Stewart moves to exclude the Government's proposed prior acts evidence under Rule 414 and Rule 403 of the Federal Rules of Evidence, arguing that the factors discussed in *Lemay* weigh against admission and that the probative value of the evidence is substantially outweighed by unfair prejudice. (Doc. 35 at 2–11).

While the Court's ultimate ruling rests on its balancing probative value against prejudicial harm pursuant to Rule 403, the starting place for its analysis is Rule 414(a). *E.g.*, *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019).

A.   *Federal Rule of Evidence 414*

Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Thus, three criteria must be satisfied for the rule to apply: first, the defendant must be accused of an offense involving child molestation; second, the prior act must be an offense involving child molestation; and third, the proffered evidence must be relevant.

Here, the Court finds that the criteria are satisfied. First, the term "child molestation" encompasses the crimes Stewart is accused of. *Id.* 414(d)(2)(A) ("'child molestation' means a crime under federal law... involving: (A) any conduct prohibited by 18 U.S.C. chapter 109A." Chapter 109A includes 18 U.S.C. §§ 2244 and 2243 (Counts 1 and 2)).

Second, contrary to Stewart's proclamation that he "has never been convicted of a sex crime," (Doc. 35 at 8), the Ninth Circuit has rejected the notion "that district courts may *only* introduce prior acts of molestation for which a defendant has been tried and found guilty." *LeMay*, 260 F.3d at 1029 (emphasis in original). Instead, "the admissibility of other act evidence under [Rules 413–415] . . . is governed by Federal Rule of Evidence 104(b), the rule of conditional relevance." *United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005). Thus, the Court must examine "all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact—here, that [Stewart molested Jane Doe 2]—by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Neither party directly contests this requirement. Stewart couches an argument that his conduct was "normal behavior from a parent" into his analysis under *LeMay*. (Doc. 35 at 5). But because he fails to argue under Rule 414's definition of child molestation, the Court concludes that a reasonable jury could find by a preponderance of the evidence that Stewart molested Jane Doe 2.

Third and finally, neither party disputes that the Government's proffered evidence under Rule 414 "is relevant[,] because common sense suggests that someone with a propensity to do something is more likely to . . . do[] the same thing again[;] [t]he evidence, therefore, makes a fact of consequence more or less likely." *United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009); *see* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

In sum, the Government's proposed evidence falls within the scope of Rule 414. However, Rules 413–415 "establish[ed] a presumption—but not 'a blank check'—favoring the admission of propensity evidence." *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004) (citations omitted). Consequently, evidence admissible under Rule 414 remains subject to balancing pursuant to Rule 403. *Thornhill*, 940 F.3d at 1118.

B.  *Federal Rule of Evidence 403*

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Because "evidence of a defendant's prior sex crimes will always present the possibility of extreme prejudice . . . district courts must . . . conduct the Rule 403 balancing inquiry in a careful, conscientious manner that allows for meaningful appellate review of

7

their decisions." *LeMay*, 260 F.3d at 1031. To that end, courts in the Ninth Circuit examine the following five factors to determine whether to admit Rule 414 evidence:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at 1028, 1031 (citation and internal quotation marks omitted). Additionally, courts may consider "any other[] [factors] that might have relevance to a particular case." *Id.* at 1031.

The Court takes each *LeMay* factor in turn.

    *1.*    *Similarity of the Prior Acts to the Charged Acts*

According to the Government, the similarity between the prior acts and the charged acts demonstrates Stewart's modus operandi (and pattern) to groom both Jane Does through unwanted physical touch and isolation, increasing in depravity over time. (Doc. 24-1 at 8 (citing *United States v. Granbois*, 119 F. App'x 35, 38 (9th Cir. 2004)).

Stewart refutes the Government's modus operandi theory. (Doc. 35 at 4). He argues his prolonged hugs demonstrated "love and affection," not bad or illegal conduct. (*Id.* at 5). He contextualizes his behavior around Jane Doe 1's and Jane Doe 2's breasts as "normal behavior from a parent," "perfectly legal," and "less creepy" than the situation would have been if he were outside the family's presence. (*Id.* at 5–6). He argues there are not enough facts to understand what "the issue is"

8

with touching Jane Doe 2 while she was sleeping. (*Id.*). And finally, Stewart rebuffs the allegation that he "targeted" Jane Doe 1, arguing her remark is too speculative to be relevant or similar. (*Id.* at 6–7).

In general, a prior act of molestation admissible under Rule 414 "need not be identical [to the charged offense] to have substantial probative value." *United States v. Erramilli*, 788 F.3d 723, 729 (7th Cir. 2015). For example, the Ninth Circuit affirmed a district court decision finding sufficient similarity between a defendant's prior conviction for sexual abuse of a minor (his daughter) and the charged act of receipt of child pornography. *Thornhill*, 940 F.3d at 1118. Though the two offenses "differ[ed] in degree," "the age of the victim and the kind of abuse . . . in the prior act [was] . . . similar to the ages of the victims and the kinds of abuse depicted" in the pornographic images. *Id.* at 1118–19. The Ninth Circuit further found that "like [the defendant's] prior conviction, [his] searches included terms relating to an incestuous relationship between a father and daughter." *Id.* at 1119.

Here, the Court finds sufficient similarity between Stewart's alleged abuse of Jane Doe 2 and the abuse underlying his current charges. At the outset, both Jane Does are Stewart's stepdaughters and were young adolescents between the ages of 7 and 15 when he began abusing them. On separate occasions, he held each of them on his lap, drew attention to their breasts, and entered their rooms while they were alone and sleeping. The fact that Jane Doe 2 told Stewart to stop or was otherwise

9

uncomfortable does not minimize Stewart's pattern of holding the girls physically near to him, drawing attention to their breasts, or entering their rooms. Stewart's abusive behavior similarly escalated over time with each Jane Doe. After he began entering the girls' rooms, he beat Jane Doe 2 when she rejected him. In Jane Doe 1's case, he sexually assaulted her.

Based on the Jane Does similar gender, similar age, and Stewart's similar conduct toward each of them, the Court finds that the first *LeMay* factor weighs in favor of admission.

    2.    *Closeness in Time of the Prior Acts to the Charged Acts*

Stewart's alleged abuse began against both Jane Does around 2013 or 2014. The abuse continued against Jane Doe 2 until 2015 and against Jane Doe 1 until 2021. (Doc. 24-1 at 9–10). Stewart apparently concedes that the timelines overlapped. (*See* Doc. 35 at 7 ("The timeframe for [Stewart's acts against Jane Doe 2] is very thin and if it is close to any timeline with Jane Doe 1, it is at the beginning of when the allegation began occurring to her.")).

Therefore, the Court weighs this factor in favor of admission. *See Thornhill*, 940 F.3d at 1120 ("There is no bright line rule for precluding evidence that is remote in time.").

///

///

### 3. *Frequency of the Prior Acts*

Next, the Government conflates the frequency factor with the temporal proximity factor. The Government argues frequency weighs in its favor because of the overlapping time frames between the Indictment and the Rule 414 evidence: "Stewart began the sexualized behaviors with both Does in or around 2013 to 2014 and continued until Jane Doe 2 resisted in 2015, and for Jane Doe 1, when she left the home in 2021." (Doc. 24-1 at 10). But the Court considers the regularity only of the abuse of Jane Doe 2 under the frequency factor; overlapping time frames instead concern temporal proximity, which Stewart has already conceded. (*See* Doc. 35 at 7).

On the other hand, Stewart argues against admission, arguing: "These acts, if believed, appear very infrequent." (*Id.*). This statement offers no evidence of infrequency. The frequency factor concerns "the number of prior acts the defendant committed regardless of the victim's identity." *United States v. Birdsbill*, 97 F. App'x 721, 723 n.2 (9th Cir. 2004) (citing *LeMay*, 260 F.3d at 1029).

Here, the Rule 414 evidence includes Jane Doe 2's account that Stewart inappropriately hugged her, drew attention to her breasts, and entered her room to touch her. These allegations of inappropriate touching and behavior demonstrate that the abuse of Jane Doe 1 "was not an isolated occurrence." *See LeMay*, 260 F.3d at 1029.

11

The Court therefore finds that the frequency factor favors admission.

  4.  *Presence or Lack of Intervening Circumstances*

Next, the parties agree there are no intervening circumstances to consider. (Doc. 24-1 at 11; Doc. 35 at 7). This factor is therefore neutral.

  5.  *Necessity of the Prior Acts Evidence*

Finally, the Court finds the prior acts evidence is practically necessary and helpful to the Government's case.

"Prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *LeMay*, 260 F.3d at 1029 (emphasis in original). For example, in *United States v. Yarlott*, the prior acts evidence was "'necessary' . . . because it serve[d] to bolster [the alleged victim's] credibility in the face of charges that she consented to a financial exchange that she [then] regret[ted]." CR 20-60-BLG, 2020 WL 6393894, at *6 (D. Mont. Nov. 2, 2020).

Like *Yarlott*, the Court finds Jane Doe 2's testimony is "necessary" because it serves to bolster Jane Doe 1's credibility in the face of Stewart's accusations that she twice lied about his abuse. (Doc. 35 at 8). As the Government points out, "[i]f the defendant has committed similar acts in the past, the claims of the victim are more likely to be considered truthful if there is substantiation of other assaults." *LeMay*, 260 F.3d at 1033 (citation omitted).

12

The Court weighs this final factor in favor of admission.

### C.    Minimizing the Risk of Unfair Prejudice

Because the Court weighs three of the five *LeMay* factors in favor of admitting the prior acts evidence, the Court denies Stewart's motion. Nevertheless, the Court is compelled to indicate the procedural safeguards it will likely impose at trial to prevent any unfair prejudice.

First, the Court will admonish the Government to "limit its presentation to evidence that is necessary to convey the essential facts underlying the . . . prior offenses and limit emotional testimony from the prior victims." *See Erramilli*, 788 F.3d at 726 (internal quotations omitted). Second, the Court will likely give the jury a limiting instruction before the prosecution presents its Rule 414 evidence. Third, after both sides rest, the Court will probably remind the jury that Stewart is "on trial for the acts . . . in the [I]ndictment, and not for the [prior] acts." *LeMay*, 260 F.3d at 1024. And fourth, the Court will almost certainly give a final limiting instruction to the jury, again reminding it that Stewart "is not on trial for any conduct or offense that is not charged in the [I]ndictment. [The jury] should consider any evidence about other acts of the defendant that [it] ha[s] heard . . . only as those acts may bear on the matter that is relevant in this case." *Id.*

13

## IV. Conclusion

IT IS HEREBY ORDERED that evidence related to Stewart's marijuana use and evidence that Stewart corporally punished both Jane Does shall be excluded from trial.

IT IS FURTHER ORDERED that the Government's proposed prior acts evidence is admissible under Rule 414 and because the *LeMay* factors weigh in favor of admission pursuant to Rule 403, the Court is inclined to admit the prior acts evidence at trial.

Accordingly, Defendant Jared Cordell Stewart's Motion in Limine (Doc. 34) is GRANTED IN PART and DENIED IN PART.

DATED this 27th day of October, 2025.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge