IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JARED CORDELL STEWART,<br><br>Defendant. | CR 25-10-BLG-SPW<br><br>ORDER ON DEFENDANT'S MOTION TO ADMIT EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 412 |

Defendant James Cordell Stewart filed a Motion to Admit Evidence Under Federal Rule of Evidence 412 on December 19, 2025. (Doc. 54). The Motion is ripe for review. (*See* Docs. 55, 56-1).

In general, Rule 412 bars evidence of an alleged victim's other sexual behavior or sexual predisposition. Fed. R. Evid. 412(a). Under Rule 412, Stewart intends to challenge Jane Doe's credibility at trial by introducing evidence that Jane Doe made prior false claims of sexual abuse against her grandfather and her cousin. (Doc. 55 at 3–4). However, "[e]vidence offered to prove allegedly false prior claims by the victim is not barred by 412." Fed. R. Civ. P. 412 advisory committee note (1994); *see, e.g., Redmond v. Kingston*, 240 F.3d 590, 592 (7th Cir. 2001) ("The [rape shield] statute protects complaining witnesses in rape cases . . . from being questioned about their sexual conduct, but a false charge of rape is not sexual

1

conduct."). Rule 412 does not make the evidence inadmissible, and the evidence remains subject to testing under Rules 404, 405, and 608. *See* Fed. R. Civ. P. 412 advisory committee note (1994); *Boggs v. Collins*, 226 F.3d 728, 736–43 (6th Cir. 2000).

However, because the evidence does not fall within the scope of Stewart's presentation of the legal issue, the Court DENIES the Motion to Admit Evidence Under Federal Rule of Evidence 412 (Doc. 54). *See Clark v. Sweeney*, 607 U.S. ___, 2025 WL 3260170, at *1 (2025) (per curiam).

DATED this 12th day of January, 2026.

                                                        SUSAN P. WATTERS
                                                       United States District Judge